# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:18-cr-00411-KJD-CWH |
|---|---|
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| ROBERT MARCELLUS JONES, JR., | |
| Defendant. | |

Presently before the court is defendant Robert Marcellus Jones's Motion to Dismiss Counts Three and Four of the Indictment for Failure to State an Offense Pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) (ECF No. 26), filed April 4, 2019, the government's response (ECF No. 32), filed April 22, 2019, and Jones's reply (ECF No. 35), filed April 30, 2019.

On December 19, 2018, the grand jury returned an indictment charging Jones with, in relevant part, one count of transportation of minors for criminal sexual activity under 18 U.S.C. § 2423(a) (Count Three), and one count of coercion and enticement of minors for criminal sexual activity under 18 U.S.C. § 2422(b) (Count Four). (Indictment (ECF No. 13) at 3.) Jones argues that the indictment failed to specify what criminal sexual activity Jones allegedly intended the victims engage in, or what criminal statutes govern such conduct. In response, the government admitted that because the indictment lacked the necessary particulars or specificity to inform Jones of the charges against him, a superseding indictment had been filed which provides the necessary references to the applicable Nevada statutes. Jones replies with no objection to the substance of charges in the superseding indictment, but he argues that because he has no assurance that the counts of the superseding indictment were presented to the grand jury, his Fifth Amendment right to indictment by grand jury were violated. Accordingly, to test his theory, he

now requests, for the first time, that the grand jury transcripts be disclosed, and argues that the reasons for the need for grand jury secrecy are no longer extant.

## I. ANALYSIS

Under Rule 12(b) of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (*citing United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986)). An indictment is sufficient to withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail to enable the defendant to prepare his defense; to ensure him that he is being prosecuted on the basis of facts presented to the grand jury; to enable him to plead double jeopardy; and to inform the court of the alleged facts so that it can determine the sufficiency of the charge. *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991).

Jones makes no argument in reply that the superseding indictment fails to adequately state an offense. Accordingly, the motion to dismiss is denied because the superseding indictment remedies the deficiencies contained in the original indictment.

In his reply, Jones makes a request not previously made, for grand jury transcripts. The court will not consider a matter brought for the first time in reply because the government has not had the opportunity to respond, and so the motion is denied without prejudice on this basis alone.

## II. CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Jones's Motion to Dismiss Counts Three and Four of the Indictment for Failure to State an Offense Pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) (ECF No. 26) be DENIED.

## III. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being

1  served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely
2  objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d
3  1153, 1157 (9th Cir. 1991).

DATED: May 2, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE