# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-cr-00411-KJD-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| ROBERT MARCELLUS JONES, JR., | |
| Defendant. | |

Presently before the court is the government's Motion to Quash and for Additional Relief (ECF No. 25), filed on April 3, 2019. Defendant Robert Marcellus Jones filed a response (ECF No. 31) on April 17, 2019. The government replied (ECF No. 33) on April 23, 2019.

The parties are familiar with the facts of this case and the court will repeat them here only as necessary. The Office of the Federal Public Defender issued a subpoena duces tecum to Jenny Soto at the NYC Department of Education to provide various school records for the two alleged victims in this case. The government now moves to quash the subpoena, arguing Jones did not comply with Rule 17. For the reasons explained in this order, the court will grant the government's motion in part and will quash the subpoena.

Rule 17(c) governs subpoenas for documents, records, books, and other objects relevant to a case. To obtain a Rule 17(c) subpoena before trial, the proponent must demonstrate the evidence sought is relevant, admissible, and specific. *United States v. Nixon*, 418 U.S. 683, 700 (1974). Rule 17(c)(3), which was added following enactment of the Crime Victims' Rights Act, 18 U.S.C. § 3771, governs subpoenas for personal or confidential information about a crime victim. It provides in relevant part as follows:

> a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

Fed. R. Crim. P. 17(c)(3). The Advisory Committee's Notes to this provision state the rule's purpose is to "provide[] a protective mechanism when the defense subpoenas a third party" about a victim's personal or confidential information. Fed. R. Crim. P. 17(c)(3) advisory committee's notes (2008 amendment). "Third party subpoenas raise special concerns because a third party may not assert the victim's interests, and the victim may be unaware of the subpoena." *Id.* "Accordingly, the amendment requires judicial approval before service of a subpoena seeking personal or confidential information about a victim from a third party." *Id.*; *see also U.S. v. Sellers*, 275 F.R.D. 620, 623 (D. Nev. 2011) (stating "[l]eave of court is required for a pretrial subpoena *duces tecum*."). The advisory committee's notes contemplate that a victim's "personal or confidential information" may include school or medical records. *Id.*

Here, the subpoena requests documents including "student profiles, registration records, notices of discharge, emergency home contact records, enrollment records, registration records, notices of discharge, emergency home contact records, enrollment records, transcripts, disciplinary records, psychological records, medical records, teacher evaluations, nurse's notes, specialized education records, IEP records, psychological or social evaluations or reports [sic] special education records . . . ." (Mot. to Quash, Ex. 1 (ECF No. 25-1) ["Subpoena"] at 4.) Thus, the documents at issue are the very type of personal or confidential information that the advisory committee contemplated would be covered by Rule 17(c)(3).

A review of the docket indicates Jones did not request a court order before issuing the subpoena duces tecum in contravention of Rule 17(c)(3). Given that a court order was not requested, the court did not have an opportunity to require notification to the victims in this case. Jones does not indicate he independently provided notice to the victims. Although Jones argues the victims could have moved to quash the subpoenas, it is unclear to the court how they would have the ability to do so if they did not receive notice of the subpoena. Moreover, it appears Jones used the form to subpoena a witness to appear for trial rather than the form for a subpoena

duces tecum. Given these procedural defects, the court will grant the government's motion to the extent it requests to quash the subpoena.

The court notes the parties made several arguments and cited to legal authority not discussed in this order. The court has reviewed these arguments and authorities and determines they do not warrant discussion as they do not affect the outcome of the motion before the court.

IT IS THEREFORE ORDERED that the government's Motion to Quash and for Additional Relief (ECF No. 25) is GRANTED in part and is DENIED in part. It is granted to the extent the government seeks to quash the subpoena to Jenny Soto at the NYC Department of Education. It is denied in all other respects.

IT IS FURTHER ORDERED that the subpoena to Jenny Soto at the NYC Department of Education, a redacted copy of which is available in the docket at ECF No. 25-1, is QUASHED.

DATED: May 6, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE