UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-cr-0411-KJD-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| ROBERT MARCELLUS JONES, | |
| Defendant. | |

Before the Court is defendant Robert Jones's Motion to Dismiss Counts Three and Four of His Indictment for Failure to State an Offense Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) (#26). The government responded (#32), and Jones replied (#35). Shortly thereafter, Magistrate Judge Hoffman reviewed Jones's motion to dismiss and recommends that this Court deny the motion. (#36). Jones filed his objections to that report and recommendation (#43), and the government replied (#44). The Court has conducted a de novo review of the record in this case according to 28 U.S.C. § 636(b)(1) and LR IB 3-2. The Court determines that the report and recommendation (#36) should be **ADOPTED** and **AFFIRMED**.

Jones's motion to dismiss challenged the sufficiency of counts three and four of his indictment under the Sixth Amendment, which guarantees that the accused be adequately informed of the charges pending against him. U.S. Const. amend. VI. Jones claims that counts three and four of his original indictment fail to specify his alleged criminal sexual behavior under 18 U.S.C. §§ 2423(a), 2422(b). The government did not dispute the charges' insufficiency. Rather, after Jones moved to dismiss counts three and four, the government convened a special grand jury to present additional evidence and supersede Jones's original indictment. Grand Jury Minutes (#30). In the superseded indictment, the government remedied any Sixth Amendment deficiency in those claims. See R&R 2 (#36). Because there was no longer a Sixth Amendment

1  violation, the Magistrate Judge found that the superseded indictment indeed stated cognizable
2  claims against Jones and recommended that this Court deny his motion to dismiss.
3  Jones agrees that the superseding indictment cured the original indictment's Sixth
4  Amendment deficiencies. Nevertheless, he claims that those charges are deficient under the Fifth
5  Amendment because the superseding indictment does not adequately assure him that a grand jury
6  reviewed the evidence in his case. Def.'s Obj. to R&R 6 (#43). However, the docket in this case
7  provides adequate assurance that a special grand jury indeed convened, reviewed the evidence
8  against Jones, and returned a true bill. The minutes of that proceeding show that the special
9  grand jury met on April 16, 2019. Grand Jury Minutes (#30). That day, the grand jury reviewed
10 seven cases, including Jones's. Id. The minutes even specify that the grand jury reviewed Jones's
11 case to supersede his original indictment. Id. Additionally, the government entered the
12 superseding indictment to the docket just hours after the grand jury convened. Superseding
13 Indictment (#28). There is ample evidence that a special grand jury considered the charges
14 against Jones and returned a valid indictment. Therefore, Jones has not shown a violation of his
15 Sixth Amendment right to a grand jury.
16 Finally, Jones asks that the Court order disclosure of the grand jury transcripts to ensure
17 that the grand jury considered additional evidence before returning the superseding indictment.
18 Magistrate Judge Hoffman did not reach this issue because Jones did not request the transcripts
19 until his reply. R&R 2 (#36). The government has now had the opportunity to respond to Jones's
20 request and asks the Court to decide Jones's argument on the merits. Therefore, the Court will do
21 so.
22 To start, there is strong public interest in protecting the privacy of grand jury
23 proceedings. United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985). The Court will not
24 disclose grand jury transcripts unless a "particular need" outweighs the public's interest in
25 protecting the privacy of the grand jury. United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir.
26 1980). One such "particular need" arises where the party seeking the transcripts shows that the
27 indictment should be dismissed "because of matters occurring before the grand jury." Murray,
28 751 F.2d at 1533. Mere allegations or speculations of grand jury impropriety, however, are not

enough to order disclosure. <u>Ferreboeuf</u>, 632 F.2d at 835.

Here, Jones has not shown a particular need that outweighs the public interest in the secrecy of the grand jury's proceedings. Likewise, Jones has not shown that the superseding indictment should be dismissed based upon issues that occurred before the grand jury, and his arguments to the contrary are mere speculation. Jones's speculation does not warrant piercing the veil of secrecy surrounding grand jury proceedings. As a result, the Court denies Jones's request to disclose the grand jury transcripts.

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (#36) entered May 2, 2019, is **ADOPTED** and **AFFIRMED**, and defendant Robert Jones's Motion to Dismiss Counts Three and Four of his indictment (#26) is **DENIED**.

Dated this 20th day of June, 2019.

_____
Kent J. Dawson
United States District Judge