NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
JAMES A. BLUM
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
james.blum@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-CR-411-KJD-DJA |
| Plaintiff, | **Stipulation for Entry of Order of Forfeiture as to Ivy Y. Coleman and Order** |
| v. | |
| ROBERT MARCELLUS JONES, JR., | |
| Defendant. | |
| IVY Y. COLEMAN, | |
| Petitioner. | |

The United States of America and Ivy Y. Coleman agree as follows:

1. The Grand Jury sitting in Las Vegas, Nevada returned a Six-Count Superseding Indictment against Robert Marcellus Jones, Jr., for violations of Sexual Exploitation of Children (Count 1), 18 U.S.C. § 2251(a) and (e), Possession of Child Pornography (Count 2), 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), Distribution of Child Pornography (Count 3), 18 U.S.C. § 2252A(a)(2) and (b)(1), Receipt of Child Pornography (Count 4), 18 U.S.C. § 2252A(a)(2) and (b)(1), Transportation of Minors for Prostitution or Other Criminal Sexual Activity (Count 5), 18 U.S.C. § 2423(a), and Coercion and Enticement (Count 6), 18 U.S.C. § 2422(b). Superseding Indictment, ECF No. 28.

2. Robert Marcellus Jones, Jr., pled guilty to Counts 3, 4, 5, and 6 of the Superseding Criminal Indictment charging him in Count 3 with Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1); in Count 4 of Receipt of

1

Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1); in Count 5 of Transportation of Minors for Prostitution or Other Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a); and in Count 6 with Coercion and Enticement in violation of 18 U.S.C. § 2422(b), and agreed to the forfeiture of property set forth in the Plea Agreement. Superseding Indictment ECF No. 28; Change of Plea ECF No. 53; Plea Agreement ECF No. 55.

3. On January 31, 2020, the Court ordered the judicial forfeiture of Robert Marcellus Jones, Jr.'s interest in the following property:

a. Samsung Galaxy Note 9 cell phone, IMEI: 358496098457300;
b. Apple iPhone, IMEI: 357264091149113;
c. Apple iPhone, IMEI: 353053090331994;
d. Cricket ZTE cell phone, Model Z988, SN: 324565343429;
e. Samsung Galaxy Mega cell phone, Model: SGH-I527, SN: RF2F40Q58KK;
f. Cricket ZTE cell phone, Model Z988, SN: 324565343886; and
g. Samsung Galaxy S5 cell phone, Model: SM-G900A, IMEI: 353411062051935

(all of which constitutes property). POOF ECF No. 59.

4. On March 18, 2020, Ivy Y. Coleman submitted a "Petition for Remission/Mitigation Form," claiming an ownership interest in the Samsung Galaxy Note 9 cell phone, IMEI: 358496098457300, and Apple iPhone, IMEI: 357264091149113. Petition ECF No. 60.

5. Ivy Y. Coleman knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property:

a. Samsung Galaxy Note 9 cell phone, IMEI: 358496098457300;
b. Apple iPhone, IMEI: 357264091149113;
c. Apple iPhone, IMEI: 353053090331994;

    d. Cricket ZTE cell phone, Model Z988, SN: 324565343429;

    e. Samsung Galaxy Mega cell phone, Model: SGH-I527, SN: RF2F40Q58KK;

    f. Cricket ZTE cell phone, Model Z988, SN: 324565343886; and

    g. Samsung Galaxy S5 cell phone, Model: SM-G900A, IMEI: 353411062051935

  6. Ivy Y. Coleman knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

  7. Ivy Y. Coleman knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property.

  8. Ivy Y. Coleman knowingly and voluntarily agrees to waive her right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

  9. Ivy Y. Coleman knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

  10. Ivy Y. Coleman knowingly and voluntarily agrees to waive any further notice to her, her agents, or her attorneys regarding the forfeiture and disposition of the property.

  11. Ivy Y. Coleman knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

  12. Ivy Y. Coleman knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents she filed in any proceedings concerning the property.

  13. Ivy Y. Coleman knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

*/ / /*

14. Ivy Y. Coleman knowingly and voluntarily agrees to waive her right to a hearing on the forfeiture of the property.

15. Ivy Y. Coleman knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

16. Ivy Y. Coleman knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

17. Ivy Y. Coleman knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to Ivy Y. Coleman and Order (Stipulation).

18. Ivy Y. Coleman knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Federal Bureau of Investigation, their agencies, their agents, and their employees from any claim made by her or any third party arising from the facts and circumstances of this case.

19. Ivy Y. Coleman knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Federal Bureau of Investigation, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Ivy Y. Coleman now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

20. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and

no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

21. After the property is forfeited in the criminal case, the Final Order of Forfeiture is entered, the United States District Court has signed the Stipulation concerning the property, the time for all direct and ancillary appeals by Robert Marcellus Jones, Jr., has run (including any direct appeals to the United States Court of Appeals for the Ninth Circuit and the Supreme Court of the United States and any petitions and appeals concerning any Writs of Habeas Corpus), and the United States has no potential or outstanding evidentiary needs concerning any of the property, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees to transfer the Samsung Galaxy Note 9 cell phone, IMEI: 358496098457300, and Apple iPhone, IMEI: 357264091149113 to Ivy Y. Coleman.

22. Ivy Y. Coleman knowingly and voluntarily agrees that, between the time when the United States takes clear title to the Samsung Galaxy Note 9 cell phone, IMEI: 358496098457300, and Apple iPhone, IMEI: 357264091149113, and when the United States transfers that property to Ivy Y. Coleman, the United States shall not assume any liability, or become responsible, for any fees, charges, interest, costs, payments whatsoever, or contracts related to the Samsung Galaxy Note 9 cell phone, IMEI: 358496098457300, and Apple iPhone, IMEI: 357264091149113.

23. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

24. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

25. Each party shall bear her or its own attorneys' fees, expenses, interest, and costs.

26. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

27. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

28. The Stipulation contains the entire agreement between the parties.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: _____

DATED: 04/10/20

NICHOLAS A. TRUTANICH
United States Attorney

_____
Ivy Y. Coleman
Petitioner

/s/ James A. Blum
James A. Blum
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: _____

26. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

27. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

28. The Stipulation contains the entire agreement between the parties.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 4-8-2020

*/s/ Ivy Y. Coleman*
Ivy Y. Coleman
Petitioner

DATED: _____

NICHOLAS A. TRUTANICH
United States Attorney

_____
James A. Blum
Assistant United States Attorney

IT IS SO ORDERED:

*/s/*
UNITED STATES DISTRICT JUDGE
DATED: 4/13/2020

6