AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 1
Case 2:18-cr-00411-KJD-DJA   Document 118   Filed 07/05/22   Page 1 of 17
(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| ROBERT MARCELLUS JONES, JR. | ) | Case Number: 2:18-cr-00411-KJD-DJA-1 |
| | ) | USM Number: 55148-048 |
| **Date of Original Judgment:** 12/14/2021 | ) | Heidi Ojeda, AFPD |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  Three (3), Four (4), Five (5), and Six (6) of the Superseding Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(2), 18 U.S.C. § 2252AA(b)(1) | Distribution of Child Pornography | 11/8/2018 | 3 |
| 18 U.S.C. § 2252A(a)(2), 18 U.S.C. § 2252AA(b)(1) | Receipt of Child Pornography | 11/8/2018 | 4 |
| 18 U.S.C. § 2423(a) | Transportation of Minors for Prostitution or Other Illegal Sex | 11/8/2018 | 5 |

The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  all remaining   ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/19/2022
Date of Imposition of Judgment

*/s/ Signature of Judge*

KENT J. DAWSON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

7/1/2022
Date

DEFENDANT: ROBERT MARCELLUS JONES, JR.
CASE NUMBER: 2:18-cr-00411-KJD-DJA-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | Coercion and Enticement | 11/5/2018 | 6 |

DEFENDANT: ROBERT MARCELLUS JONES, JR.
CASE NUMBER: 2:18-cr-00411-KJD-DJA-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

240 months, per count, to run concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the Defendant to be permitted to serve his term of incarceration in FCI Butner, FMC Devens or FCI Petersburg.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 2:18-cr-00411-KJD-DJA Document 118 Filed 07/05/22 Page 4 of 17
(NOTE: Identify Changes with Asterisks (*))
Judgment—Page 4 of 8

DEFENDANT: ROBERT MARCELLUS JONES, JR.
CASE NUMBER: 2:18-cr-00411-KJD-DJA-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

15 years, per count, to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually..
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/20) Case 2:18-cr-00411-KJD-DJA   Document 118   Filed 07/05/22   Page 5 of 17
Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 5 of 8

DEFENDANT: ROBERT MARCELLUS JONES, JR.
CASE NUMBER: 2:18-cr-00411-KJD-DJA-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

DEFENDANT: ROBERT MARCELLUS JONES, JR.
CASE NUMBER: 2:18-cr-00411-KJD-DJA-1

# SPECIAL CONDITIONS OF SUPERVISION

1. Mental Health Treatment – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

2. Access to Financial Information – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

3. Debt Obligations – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

4. Minor Prohibition – You must not have direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

5. No Contact – You must not communicate, or otherwise interact, with the victims involved in the instant offense, either directly or through someone else, without first obtaining the permission of the probation office.

6. Search and Seizure – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

7. No Pornography - You must not view or possess any " visual depiction" (as defined in 18 U.S.C. § 2256(5)), or any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of " sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children , or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults, that would compromise your sex offense-specific treatment. These restrictions do not apply to materials necessary to, and used for, any future appeals, or materials prepared or used for the purposes of sex-offender treatment.

8. Sex Offender Treatment – You must participate in a sex offense-specific treatment program, and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

9. Polygraph Testing – You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

10. Computer Search – Monitoring Software – To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030 (e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition

AO 245C (Rev. 09/20) Case 2:18-cr-00411-KJD-DJA Document 118 Filed 07/05/22 Page 7 of 17
Amended Judgment in a Criminal Case
Sheet 3D-2 — Supervised Release (NOTE: Identify Changes with Asterisks (*))

Judgment—Page _____ of __8__

DEFENDANT: ROBERT MARCELLUS JONES, JR.
CASE NUMBER: 2:18-cr-00411-KJD-DJA-1

## SPECIAL CONDITIONS OF SUPERVISION

11. Computer Search – You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

12. Computer Monitoring – You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

13. Employment Restriction – You must not engage in an occupation, business, or profession, or volunteer activity that would require or enable you to be in the foreseeable proximity of minors under the age of 18 without the prior approval of the probation officer.

14. Employment Restriction – You must not engage in an occupation, business, or profession, or volunteer activity that would require or enable you to use a computer as defined in 18 U.S.C. § 1030(e)(1), without the prior approval of the probation officer.

15. Place Restriction – Children Under 18 – You must not go to, or remain at, any place primarily caters to children under the age of 18, unless you have the express prior permission of your Probation Officer. Examples of such prohibited places include parks, schools, playgrounds, and childcare facilities.

16. Place Restriction – Children Under 18 – You must not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18.

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
Case 2:18-cr-00411-KJD-DJA Document 118 Filed 07/05/22 Page 8 of 17
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 7 of 8

DEFENDANT: ROBERT MARCELLUS JONES, JR.
CASE NUMBER: 2:18-cr-00411-KJD-DJA-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|--------|-----------|-------------|------|------------------|-------------------|
| TOTALS | $ 400.00  | $ 59,325.00 | $ WAIVED | $ N/A | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---------------|---------------|---------------------|------------------------|
| Order attached. | $59,325.00 | $59,325.00 | |
| **TOTALS** | $ 59,325.00 | $ 59,325.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑ the interest requirement is waived for  ☐ fine  ☑ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
(NOTE: Identify Changes with Asterisks (*))

Case 2:18-cr-00411-KJD-DJA   Document 118   Filed 07/05/22   Page 9 of 17

Judgment — Page 8 of 8

DEFENDANT: ROBERT MARCELLUS JONES, JR.
CASE NUMBER: 2:18-cr-00411-KJD-DJA-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ 59,725.00 due immediately, balance due

    ☐ not later than _____, or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
Restitution is to commence when defendant is released from custody. IT IS FURTHER ORDERED that accruing interest on restitution is waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate. |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# SEALED

## U.S. vs. Robert Jones
## 2: 18-CR-00411-KJD-DJA

## Restitution List

| | |
|---|---|
| Victim L.S. | $45, 325.00 (See Attachment A) |
| Victim T.C. | $7, 000.00 |
| Victim A.M. | $7, 000.00 |
| TOTAL | $59, 325.00 |

# ATTACHMENT A

| CBT/DBT associates | Date | Invoice/ CPT Code | Amount |
|---|---|---|---|
| | 12/20/2018 | 70307 | 600 |
| | 3/4/2019 | 90834 | 250 |
| | 3/5/2019 | 90849 (CPT) | 200 |
| | 3/11/2019 | 90834 (CPT) | 250 |
| | 3/12/2019 | 90849 (CPT) | 200 |
| | 3/18/2019 | 90834 (CPT) | 250 |
| | 3/19/2019 | 90849 (CPT) | 200 |
| | 3/25/2019 | 90834 (CPT) | 250 |
| | 3/26/2019 | NO SHOW | |
| | 4/29/2019 | 90834 (CPT) | 250 |
| | 7/15/2019 | 90834 (CPT) | 250 |
| | 7/22/2019 | 90834 (CPT) | 250 |
| | 7/23/2019 | 90849 (CPT) | 225 |
| | 7/29/2019 | 90834 (CPT) | 250 |
| | 7/30/2019 | 90849 (CPT) | 225 |
| | 8/5/2019 | 90834 (CPT) | 250 |
| | 8/6/2019 | 90849 (CPT) | 225 |
| | 8/12/2019 | 90834 (CPT) | 250 |
| | 8/13/2019 | 90849 (CPT) | 225 |
| | 8/19/2019 | 90834 (CPT) | 250 |
| | 8/20/2019 | 90849 (CPT) | 225 |
| | 8/26/2019 | 90834 (CPT) | 250 |
| | 8/28/2019 | 90834 (CPT) | 250 |
| | 9/4/2019 | 90834 (CPT) | 250 |
| | 9/5/2019 | 90834 (CPT) | 250 |
| | 9/9/2019 | 90834 (CPT) | 250 |
| | 9/11/2019 | 90834 (CPT) | 250 |
| | 9/16/2019 | 90834 (CPT) | 250 |
| | 9/17/2019 | 90834 (CPT) | 250 |
| | 9/23/2019 | 90834 (CPT) | 250 |
| | 9/24/2019 | 90834 (CPT) | 250 |
| | 9/30/2019 | 90834 (CPT) | 250 |
| | 10/1/2019 | 90834 (CPT) | 250 |
| | 10/14/2019 | 90834 (CPT) | 250 |
| | 10/15/2019 | 90834 (CPT) | 250 |
| | 10/21/2019 | 90834 (CPT) | 250 |
| | 10/28/2019 | 90834 (CPT) | 250 |
| | 11/4/2019 | 90834 (CPT) | 250 |
| | 11/11/2019 | 90834 (CPT) | 250 |
| | 11/18/2019 | 90834 (CPT) | 250 |
| | 11/25/2019 | 90834 (CPT) | 250 |
| | 12/2/2019 | 90834 (CPT) | 250 |
| | 12/3/2019 | 90846 (CPT) | 300 |

| Date | Code | Amount |
|---|---|---|
| 12/9/2019 | 90834 (CPT) | 250 |
| 12/16/2019 | 90834 (CPT) | 250 |
| 12/23/2019 | 90834 (CPT) | 250 |
| 12/26/2019 | 90846 (CPT) | 300 |
| 12/30/2019 | NO SHOW | |
| 1/6/2020 | 90834 (CPT) | 250 |
| 1/15/2020 | 80964 | 300 |
| 1/15/2020 | 90846 (CPT) | 300 |
| 1/20/2020 | 81194 | 300 |
| 1/20/2020 | 90834 (CPT) | 250 |
| 1/23/2020 | 90846 (CPT) | 300 |
| 1/27/2020 | 90834 (CPT) | 250 |
| 2/3/2020 | 90834 (CPT) | 250 |
| 2/10/2020 | 90834 (CPT) | 250 |
| 2/17/2020 | 90834 (CPT) | 250 |
| 2/19/2020 | 90846 | 300 |
| 2/19/2020 | 90846 (CPT) | 300 |
| 2/24/2020 | 90834 (CPT) | 250 |
| 3/2/2020 | 90834 (CPT) | 250 |
| 3/9/2020 | 90834 (CPT) | 250 |
| 3/16/2020 | 90834 (CPT) | 250 |
| 3/23/2020 | 90834 (CPT) | 250 |
| 3/30/2020 | 90834 (CPT) | 250 |
| 4/6/2020 | 90834 (CPT) | 250 |
| 4/13/2020 | 90834 (CPT) | 250 |
| 4/20/2020 | 90834 (CPT) | 250 |
| 4/22/2020 | 90834 (CPT) | 250 |
| 4/27/2020 | 90834 (CPT) | 250 |
| 5/4/2020 | 90834 (CPT) | 250 |
| 5/11/2020 | 90834 (CPT) | 250 |
| 5/18/2020 | 90834 (CPT) | 250 |
| 5/20/2020 | 83485 | 300 |
| 5/20/2020 | 90846 (CPT) | 300 |
| 5/25/2020 | 90834 (CPT) | 250 |
| 6/1/2020 | 90834 (CPT) | 250 |
| 6/8/2020 | 90834 (CPT) | 250 |
| 6/15/2020 | 90834 (CPT) | 250 |
| 6/22/2020 | 90834 (CPT) | 250 |
| 6/29/2020 | 90834 (CPT) | 250 |
| 7/6/2020 | 90834 (CPT) | 250 |
| 7/7/2020 | 90834 (CPT) | 250 |
| 7/13/2020 | 90834 (CPT) | 250 |
| 7/20/2020 | 90834 (CPT) | 250 |
| 7/23/2020 | 90834 (CPT) | 250 |
| 7/27/2020 | 90834 (CPT) | 250 |
| 8/3/2020 | 90834 (CPT) | 250 |
| 8/11/2020 | 90834 (CPT) | 250 |

| Date | Code | Amount |
|---|---|---|
| 8/17/2020 | 90834 (CPT) | 250 |
| 8/25/2020 | 90834 (CPT) | 250 |
| 8/31/2020 | 90834 (CPT) | 250 |
| 9/7/2020 | 90834 (CPT) | 250 |
| 9/8/2020 | 90834 (CPT) | 250 |
| 9/14/2020 | 90834 (CPT) | 250 |
| 9/21/2020 | 90834 (CPT) | 250 |
| 9/28/2020 | 90834 (CPT) | 250 |
| 10/5/2020 | 90834 (CPT) | 250 |
| 10/12/2020 | 90834 (CPT) | 250 |
| 10/19/2020 | 90834 (CPT) | 250 |
| 10/26/2020 | NO SHOW | |
| 11/2/2020 | 90834 (CPT) | 250 |
| 11/9/2020 | 90834 (CPT) | 250 |
| 11/16/2020 | 90834 (CPT) | 250 |
| 11/24/2020 | 90834 (CPT) | 250 |
| 11/30/2020 | 90834 (CPT) | 250 |
| 12/7/2020 | 90834 (CPT) | 250 |
| 12/14/2020 | 90834 (CPT) | 250 |
| 1/4/2021 | 90834 (CPT) | 250 |
| 1/11/2021 | 90834 (CPT) | 250 |
| 1/18/2021 | 90834 (CPT) | 250 |
| 1/25/2021 | 90834 (CPT) | 250 |
| 2/1/2021 | 90834 (CPT) | 250 |
| 2/8/2021 | 90847 (CPT) | 250 |
| 2/8/2021 | 90834 (CPT) | 250 |
| 2/15/2021 | NO SHOW | |
| 2/22/2021 | 90834 (CPT) | 250 |
| 3/1/2021 | 90834 (CPT) | 250 |
| 3/8/2021 | 90834 (CPT) | 250 |
| 3/15/2021 | 90834 (CPT) | 250 |
| 3/22/2021 | 90834 (CPT) | 250 |
| 3/29/2021 | 90834 (CPT) | 250 |
| 4/5/2021 | 90834 (CPT) | 250 |
| 4/12/2021 | 90834 (CPT) | 250 |
| 4/19/2021 | 90834 (CPT) | 250 |
| 4/26/2021 | 90834 (CPT) | 250 |
| 5/3/2021 | 90834 (CPT) | 250 |
| 5/19/2021 | 90834 (CPT) | 250 |
| 5/24/2021 | 90834 (CPT) | 250 |
| 6/7/2021 | 90834 (CPT) | 250 |
| 6/14/2021 | 90834 (CPT) | 250 |
| 6/22/2021 | 90834 (CPT) | 250 |
| 7/5/2021 | 90834 (CPT) | 250 |
| 7/12/2021 | NO SHOW | |
| 7/19/2021 | 90834 (CPT) | 250 |
| 7/21/2021 | 90834 (CPT) | 250 |

| Date | Code | Amount |
|---|---|---|
| 7/26/2021 | 90834 (CPT) | 250 |
| 8/2/2021 | 90834 (CPT) | 250 |
| 8/5/2021 | NO SHOW | |
| 8/9/2021 | 90834 (CPT) | 250 |
| 8/16/2021 | 90834 (CPT) | 250 |
| 8/23/2021 | 90834 (CPT) | 250 |
| 9/15/2021 | 90834 (CPT) | 250 |
| 9/22/2021 | 90834 (CPT) | 250 |
| 9/29/2021 | 90834 (CPT) | 250 |
| 10/6/2021 | 90834 (CPT) | 250 |
| 10/13/2021 | 90834 (CPT) | 250 |
| 10/20/2021 | 90834 (CPT) | 250 |
| 10/27/2021 | 90834 (CPT) | 250 |
| 11/3/2021 | 90834 (CPT) | 250 |
| 11/10/2021 | 90834 (CPT) | 250 |
| 11/17/2021 | 90834 (CPT) | 250 |
| 11/24/2021 | 90834 (CPT) | 250 |
| 12/1/2021 | 90834 (CPT) | 250 |
| 12/15/2021 | 90834 (CPT) | 250 |
| 12/22/2021 | 90834 (CPT) | 250 |
| | | **38325** |
| | | **Total $38, 325** |

```
           FILED          RECEIVED
    X                     SERVED ON
           ENTERED        COUNSEL/PARTIES OF RECORD

              December 14, 2021

           CLERK US DISTRICT COURT
             DISTRICT OF NEVADA
    BY:                           DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT MARCELLUS JONES, JR.,<br><br>  Defendant. | 2:18-CR-411-KJD-DJA<br><br>**Amended Final Order of Forfeiture** |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 2253(a)(1) and 2253(a)(3); 18 U.S.C. § 2428(a)(1); and 18 U.S.C. § 2428(b)(1)(A) with 28 U.S.C. § 2461(c) based upon the plea of guilty by Robert Marcellus Jones, Jr., to the criminal offenses, forfeiting the property set forth in the Plea Agreement and shown by the United States to have the requisite nexus to the offenses to which Robert Marcellus Jones, Jr., pled guilty. Superseding Criminal Indictment, ECF No. 28; Change of Plea, ECF No. 53; Plea Agreement, ECF No. 55; Preliminary Order of Forfeiture, ECF No. 59.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov,

consecutively from February 12, 2020, through March 12, 2020, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication Exhibits, ECF No. 61-1, p. 5.

On March 18, 2020, Ivy Y. Coleman filed a Petition for Remission, ECF No. 60.

On April 10, 2020, the United States filed a Stipulation for Entry of Order of Forfeiture as to Ivy Y. Coleman, and Order, ECF No. 62.

On April 13, 2020, the Court granted the Stipulation for Entry of Order of Forfeiture as to Ivy Y. Coleman, ECF No. 63.

This Court finds no other petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending regarding the property named herein and the time has expired for presenting such petitions.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 2253(a)(1) and 2253(a)(3); 18 U.S.C. § 2428(a)(1); 18 U.S.C. § 2428(b)(1)(A) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(n)(7) and shall be disposed of according to law:

1. Samsung Galaxy Note 9 cell phone, IMEI: 358496098457300;
2. Apple iPhone, IMEI: 357264091149113;
3. Apple iPhone, IMEI: 353053090331994;
4. Cricket ZTE cell phone, Model Z988, SN: 324565343429;
5. Samsung Galaxy Mega cell phone, Model: SGH-I527, SN: RF2F40Q58KK;
6. Cricket ZTE cell phone, Model Z988, SN: 324565343886; and
7. Samsung Galaxy S5 cell phone, Model: SM-G900A, IMEI: 353411062051935

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the property shall be disposed of according to law and the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED December 14, 2021.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

3